**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-50657

(Summary Calendar)

_____


In The Matter Of: DAVID RODRIGUEZ,


Debtor

_____


DAVID RODRIGUEZ,

Appellant,

versus


EMC MORTGAGE CORPORATION,


Appellee.

Appeal from the United States District Court
For the Western District of Texas
Dist. Ct. No. SA-00-CV-72-HG

March 15, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

David Rodriguez ("Rodriguez"), debtor-appellant, appeals the district court's decision affirming the bankruptcy court's grant of EMC Mortgage Corporation's ("EMC") motion to clarify the discharge order. We now affirm, albeit on different grounds.

At the request of EMC, the bankruptcy court reopened the Rodriguez bankruptcy proceeding on May 14, 1999, which it had closed on February 2, 1999. EMC was a secured creditor of Rodriguez by virtue of its ownership of the mortgage note on Rodriguez's home. Meanwhile, Rodriguez sought relief in state court from EMC's efforts to foreclose on his home. He filed state suits against both EMC and the law firm representing EMC, basing his claims in part on the allegation that the February 2, 1999 discharge order had discharged him of personal liability on the mortgage owed to EMC.

Following on the heels of these efforts by Rodriguez, EMC filed a motion for clarification of the effect of the discharge order on November 24, 1999. Additionally, EMC sought an expedited hearing on its motion due to the litigation filed by Rodriguez in state court and its desire to conduct a foreclosure sale. The bankruptcy court granted the expedited hearing, which Rodriguez did not attend. At that hearing, the court issued an order declaring that the discharge order had not discharged the debt that Rodriguez owed to EMC. Furthermore, the bankruptcy court imposed a $500 sanction on Rodriguez.

Rodriguez appealed this order to the district court. The district court found that the gravamen of Rodriguez's complaint was that EMC "unlawfully and without standing re-opened [Rodriguez]'s bankruptcy proceeding." The district court determined that because EMC filed its motion to clarify

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within nine months of the discharge order, a fact that Rodriguez admitted, EMC's motion was timely under 11 U.S.C. § 1328(e). Additionally, finding that the remainder of Rodriguez's claims dealt with interlocutory orders from which Rodriguez had not obtained leave from the bankruptcy court to appeal, the district court determined that the remainder of Rodriguez's claims were moot. Therefore, the district court affirmed the bankruptcy court's order.

Rodriguez moved for rehearing before the district court. The district court denied his motion on two grounds. First, it found that the bankruptcy court had the "inherent power to clarify its orders." Second, it found that "the Bankruptcy Court had the power to clarify the discharge order *sub judice* pursuant to 11 U.S.C. § 1328(e) as appellant was fraudulently claiming in state court that the discharge order had discharged the mortgage lien on his homestead."

We review a district court's legal conclusions reached in reviewing the actions of a bankruptcy court de novo and the findings of fact of both the district court and the bankruptcy court for clear error. *See* In re *Kinion*, 207 F.3d 751, 754 (5th Cir. 2000).

On appeal, Rodriguez asserts that: (1) the bankruptcy court lacked subject matter jurisdiction to hear EMC's motion for clarification; (2) EMC's motion, though styled as a motion for clarification of the bankruptcy court's order, was actually a determination of the dischargeability of a debt action; (3) the acceleration of the due date of the mortgage changed the status of that debt from long term and brought it within the purview of 11 U.S.C. § 1322(B)(5), and it was, therefore, discharged by the bankruptcy court's discharge order; (4) he was deprived of due process when he received no notice of the expedited hearing on the motion for clarification, and, as a result, he did not appear at that hearing.

First, we find that the bankruptcy court had jurisdiction to hear EMC's motion for

clarification, albeit on different grounds than asserted by the district court. The district court found that the bankruptcy court had jurisdiction to hear EMC's motion for clarification pursuant to 11 U.S.C. § 1328(e). This section, by its plain language, is inapplicable to the motion for clarification. Section 1328(e) provides that :

> On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if —
> (1) such discharge was obtained by the debtor through fraud; and
> (2) the requesting party did not know of such fraud until after such discharge was granted.

This section does not apply to the interpretation of a discharge order; instead, it applies to a party in interest's request for revocation of the discharge. In its motion for clarification, EMC did not seek revocation of discharge. Rather, EMC asked the bankruptcy court to clarify the effect of the discharge order. Furthermore, the district court erred in finding that § 1328(e) applied to Rodriguez's fraudulent assertions in state court that the discharge order discharged the mortgage. By its terms, § 1328(e) applies to the situation in which the debtor procures discharge via fraud, not where he lies about having received discharge after the discharge order is entered. Thus, the bankruptcy court's jurisdiction to hear this motion did not arise from § 1328(e). Therefore, the district court erred in finding that § 1328(e) granted the bankruptcy court jurisdiction to consider EMC's motion to clarify the discharge order.

Nevertheless, we agree with the district court that the bankruptcy court had jurisdiction to interpret its own order, thereby giving it the power to entertain the motion for clarification. At the request of EMC, the bankruptcy court reopened the Rodriguez chapter 13 proceeding almost six months prior to EMC's filing of the motion at issue here. The proceeding was not reclosed during

that six month period. The effect of reopening is to place the estate back into administration. *See* In re *Cassell*, 41 B.R. 737, 740 (Bankr. E.D. Va. 1984). Thus, at the time of hearing the motion to clarify, the estate was in administration. When an estate is in administration, a bankruptcy court retains jurisdiction to interpret and enforce its own orders to ensure their proper execution. *See* In re *Terracor*, 86 B.R. 671, 677 (D. Utah 1988) (a bankruptcy court "always retains jurisdiction to review and interpret its own orders"); *see also* 11 U.S.C. § 105(a) (providing that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary . . . to enforce or implement court orders or rules, or to prevent abuse of process"); In Re *Doty*, 129 B.R. 571, 586 (Bankr. N.D. Ind. 1991) (holding that a bankruptcy court retained jurisdiction to rule on a motion requesting interpretation of a confirmation plan). EMC sought the bankruptcy court's clarification of the effect of the original discharge order. EMC sought this relief from the bankruptcy court to put an end to Rodriguez's assertions in state court that the discharge order had discharged the debt to EMC. As a result, so long as the bankruptcy court had the power to reopen Rodriguez's case, it had jurisdiction to hear the motion to clarify.

Rodriguez contends that the bankruptcy court lacked jurisdiction to reopen the case. This contention, however, flatly ignores the bankruptcy court's power to reopen a closed proceeding "to administer assets, accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a bankruptcy proceeding for "cause" is within the sound discretion of the bankruptcy court. *See, e.g.*, In re *Daniels*, 163 B.R. 893, 895 (Bankr. S.D. Ga. 1994). Thus, our review of a bankruptcy court's decision to reopen an estate is for the abuse of discretion only. *See* In re *Case*,

937 F.2d 1014, 1018 (5th Cir. 1991). The determination of the existence of cause is an equitable one, which "depends upon the circumstances of the individual case." *Id*. Although the bankruptcy court did not delineate its reasons for reopening, the record reflects ample cause for reopening, i.e., Rodriguez's consistent efforts to thwart EMC's collection on the debt which the discharge order did not discharge. This behavior by the debtor constitutes "cause." *See* In re *Shondel*, 950 F.2d 1301, (7th Cir. 1991) (holding that conduct of debtor's counsel in "convincing the state court to adopt an erroneous position with respect to the effect of the discharge," though done in good faith, was a factor supporting reopening); In re *Shelton*, 201 B.R. 147, 151 (Bankr. E.D. Va. 1996) (holding that debtor's "potential legal fraud" on creditors perpetrated by the filing of serial bankruptcies was "sufficient cause to reopen a closed bankruptcy case"). Moreover, while timeliness of reopening is an equitable consideration which we take into account, only three months elapsed between closing and reopening. This short period of time is insufficient to call into question the bankruptcy court's finding of cause. *See* In re *Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (noting that the greater the length of time between closing and reopening, the more compelling the cause must be in order for a bankruptcy court to reopen a closed case). Therefore, the bankruptcy court did not abuse its discretion in reopening the case and, as result, it had jurisdiction to issue the order clarifying the discharge order.

Rodriguez's second and third assertions on appeal are based on his claim that the motion to clarify was in actuality a determination of the dischargeability of the debt. According to Rodriguez, because the motion was in fact a motion to determine dischargeability of a debt, under 11 U.S.C. § 1127(a), the bankruptcy court lacked jurisdiction to hear the motion. Rodriguez also contends that the motion was untimely and that EMC failed to file it as an adversary proceeding as required by the

Bankruptcy Rules of Procedure. Finally, because Rodriguez views the motion as an action to determine dischargeability of a debt, he attempts to attack that determination on the merits.

We cannot agree with Rodriguez's characterization of the motion. Prior to EMC's motion for clarification, the bankruptcy court issued an order authorizing EMC to go forward with the foreclosure on Rodriguez's home. Underpinning this authorization by the bankruptcy court is its conclusion that the discharge order did not discharge Rodriguez's debt to EMC. Furthermore, as noted above, Rodriguez's state court actions precipitated the need for this order. Thus, we reject Rodriguez's contention that the motion to clarify was tantamount to a determination of dischargeability and his claims depending upon this characterization of the motion fail.

Fourth, we reject Rodriguez's allegation that the bankruptcy court denied him due process by holding the expedited hearing without giving him notice. In deciding to issue its clarification order that the discharge order did not discharge Rodriguez's debt to EMC and by imposing sanctions on Rodriguez for his failure to appear, the bankruptcy court accepted EMC's counsel's assertion that Rodriguez had received notice. This finding of fact is supported by the record on appeal. The record shows that notice was delivered overnight to Rodriguez via the United States Postal Service in advance of the expedited hearing. Moreover, EMC's counsel saw Rodriguez in state court on a related matter the same day as the expedited hearing and reminded Rodriguez of that hearing. As a result, Rodriguez has failed to show that this finding by the bankruptcy court was clearly erroneous, and his claim for the denial of due process is without merit.

Accordingly, we AFFIRM the district court's decision, albeit on different grounds.